[Cite as *State v. Henderson*, 2011-Ohio-3448.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2010 CA 00312 |
| CHRISTOPHER HENDERSON | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Massillon Municipal Court, Case No. 2010 TRC 4332 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 11, 2011 |
| APPEARANCES: | |


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| ROBERT A. ZEDELL<br>ASSISTANT LAW DIRECTOR<br>Two James Duncan Plaza<br>Massillon, Ohio 44646 | ERICA PRUITT VORHEES<br>ASSISTANT PUBLIC DEFENDER<br>200 West Tuscarawas Street<br>Canton, Ohio 44702 |

*Wise, J.*

{¶1}  Appellant Christopher Henderson appeals the decision of the Massillon Municipal Court, Stark County, which denied his motion to suppress evidence resulting from a DUI traffic stop. The relevant facts leading to this appeal are as follows.

{¶2}  On May 27, 2010, Trooper Carlos Smith of the Ohio State Highway Patrol was proceeding eastbound on Lincoln Way East (State Route 172) in the Massillon area. At about 1:30 AM, he observed a 1999 Oldsmobile traveling in a westerly direction on Lincoln Way, with its tires straddling the dashed white line of the two westbound lanes. Trooper Smith turned his cruiser around and followed the Oldsmobile for a time. He observed additional traffic violations and proceeded to make a traffic stop after the vehicle had turned onto 27th Street NW. He thereupon obtained the identity of the driver as appellant.

{¶3}  After further roadside investigation, Trooper Smith proceeded to charge appellant with operating a motor vehicle while intoxicated (R.C. 4511.19(A)(1)(a)), a marked lanes violation (R.C. 4511.33), and failure to wear a seat belt (R.C. 4513.263). Appellant thereafter appeared before the Massillon Municipal Court and entered pleas of not guilty.

{¶4}  On July 14, 2010, appellant filed a motion to suppress the evidence obtained as a result of the traffic stop, asserting, inter alia, lack of probable cause for the stop. At the first hearing on July 26, 2010, the trooper was unable to appear; however, the video from the patrol cruiser was reviewed by court and counsel. On August 13, 2010, the remainder of the suppression hearing was conducted, at which

time the trooper testified. The trial court thereafter issued a judgment entry denying appellant's motion to suppress.

{¶5} On October 7, 2010, appellant entered pleas of no contest to all three charges. The trial court found him guilty on all three counts and sentenced him, inter alia, to twenty days in the Stark County Jail and thirty days in a residential treatment program.

{¶6} On October 29, 2010, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶7} "I. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS."

I.

{¶8} In his sole Assignment of Error, appellant contends the trial court erred in denying his motion to suppress evidence. We disagree.

{¶9} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. As a general rule,

"determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." *Ornelas v. U .S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

{¶10} In the case sub judice, appellant specifically contends both that the trial court failed to apply the correct law to the findings of fact and that the trial court incorrectly decided the ultimate issue raised in his motion to suppress. Appellant's Brief at 2.[1]

{¶11} We next address the parameters of the legal issues before us. The record on appeal reveals that at the outset of the August 13, 2010 suppression hearing, appellant's counsel maintained that "even if that … somehow the court can find that [the traffic violations] did occur they … did not necessarily give the trooper the right to continue with the intrusion ***." Tr., August 13, 2010, at 3-4. However, the following exchange shortly thereafter took place between the court and counsel:

{¶12} "COURT: Okay, now I think ... Erica, you're just alleging stop.

{¶13} "DEFENSE: That ... yes, that there was no reason to stop. That they continued ... the continued detention is a continuation.

{¶14} "COURT: Okay, so Tony I think Erica is just challenging stop, not probably [sic] cause to make the arrest.

---

[1] Appellant also urges that "the violations to which Trooper Smith testified never actually even occurred." Appellant's Brief at 3. However, appellant does not articulate any points in the trooper's testimony or the dash camera video to support this position, other than to basically point out that the trooper could not testify as to the contents of the video, which the court had previously viewed at the first probable cause hearing. See App.R. 16(A)(7).

{¶15} "DEFENSE: Okay, that's fine your honor. Yes we will um and I believe what Erica is going to want to do also is once officer ... excuse me once Sgt. Smith testifies is to um of course enter this into evidence the tape.

{¶16} "COURT: Yeah he can enter it into evidence um so let's just focus on the stop so what we'll do is we will have Sgt. Smith um I'll swear you in sergeant and you can come up here and then we'll challenge ... we're going to talk about the stop. ***." Tr., August 13, 2010, at 4-5.

{¶17} Accordingly, we find the issue preserved for appeal goes solely to the constitutionality of Trooper Smith's initial traffic stop. "[W]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution * * *." *Dayton v. Erickson*, 76 Ohio St.3d 3, 1996-Ohio-431, syllabus. "Evidence of a defendant's marked lane violation establishes reasonable suspicion or probable cause for a traffic stop." *State v. Graham*, Warren App.No. CA2008-07-095, 2009-Ohio-2814, ¶ 17, quoting *State v. McEldowney*, Clark App. No. 06-CA-138, 2007-Ohio-6690, ¶ 38.

{¶18} The record further reveals the following testimony by the trooper on direct examination:

{¶19} "Q. And what did you see when you were on Lincoln?

{¶20} "A. I was um Lincoln Way is a four lane divided highway um I was in the left lane traveling east on 172 um I saw the vehicle driving down the center of the two dotted lines, I then turned around, followed the vehicle, when I turned around and started proceeding west he then made a right turn onto a side street, went up to the

stop sign, slowed down, made a left turn, by that time I caught up to the vehicle and then proceeded to follow the vehicle for a short distance.

**{¶21}** "Q.  And then what happened?

**{¶22}** "A.  After we got up to 27th Street or Jackson Avenue, whatever you want to call it, the defendant stopped at the stop sign, made a right turn, I followed for another short distance and I activated my lights about Tanglewood area of 27th and Tanglewood area.

**{¶23}** " * * *

**{¶24}** "Q.  Okay and why did you pull him over?

**{¶25}** "A.  Well he was driving ... first of all he was traveling the white fog lines, that's a marked lane violation, then he made a right turn from the left lane.

**{¶26}** "COURT:  So come back again with that ... so he was traveling the white fog lines?

**{¶27}** "A.  Yes sir.

**{¶28}** "COURT:  And then ...

**{¶29}** "A.  He made a right turn from center ... from traveling down the center of the road he made a right turn.

**{¶30}** "COURT:  Okay.

**{¶31}** "STATE:  And um how long have you been a trooper?

**{¶32}** "A.  Twelve and a half years.

**{¶33}** "Q.  Okay and what kind of training do  you have in the apprehension or I guess you call it the apprehension of those violating traffic code?

**{¶34}** "A.  I'm actually a regional instructor for um ADAP.

{¶35} "STATE:  Your Honor that's all the questions I have at this time."  Tr. at 6-8.

{¶36} Thus, the stop of appellant's vehicle was based on the trooper's observation of at least two traffic violations. His testimony was subjected to cross-examination (see Tr. at 8-10). The trial court, in its discretion, chose to accept his version of events in conjunction with its earlier review of the video of the stop. Accordingly, we hold the trial court did not err in denying the motion to suppress under the facts and circumstances of this case.

{¶37} Appellant's sole Assignment of Error is overruled.

{¶38} For the reasons stated in the foregoing opinion, the judgment of the Massillon Municipal Court, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, P. J., and

Hoffman, J., concur.

_____

_____

_____

                                                                JUDGES

JWW/d 0620

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                  :
                                           :
-vs-                                       :                JUDGMENT ENTRY
                                           :
CHRISTOPHER HENDERSON                       :
                                           :
    Defendant-Appellant                 :                Case No. 2010 CA 00312


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Massillon Municipal Court, Stark County, Ohio, is affirmed.

    Costs assessed to appellant.


_____

_____

_____

JUDGES